IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:22-00966-RGA |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties expect discovery in this litigation to involve the disclosure of certain documents, things, and information which may constitute trade secrets and/or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

WHEREAS, the Parties desire to establish a mechanism to protect information produced by the Parties and Third Parties in this litigation;

WHEREAS, the Parties agree that such information can only be used for the prosecution and defense of this litigation (including all appeals) and must not be used directly or indirectly for any other purpose whatsoever, and that the disclosure of such information is prohibited except as expressly provided for in this Protective Order;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown.

IT IS HEREBY ORDERED:

## DEFINITIONS

1.      "Protective Order" means this Stipulated Protective Order.

2.      "Vertex" means Plaintiff Vertex Pharmaceuticals Incorporated.

3.      "Lupin" means Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.

4.      "Party" means a party to this litigation, including Vertex and Lupin.

5.      "Third Party" means a person or entity that is not a Party.

6.      "Affiliate" means any Third Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this litigation.

7.      "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this litigation, including, without limitation, information, documents, and things responsive to requests for production under Fed. R. Civ. P. 34; documents and things made available for inspection under Fed. R. Civ. P. 34; responses to written interrogatories under Fed. R. Civ. P. 33; responses to requests for admission under Fed. R. Civ. P. 36; testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31; expert reports and testimony; testimony during hearings or at trial; all other discovery taken pursuant to any applicable Federal and/or Local Rules, including third party discovery pursuant to Fed. R. Civ. P. 45; and matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this litigation.  This Protective Order and protections herein shall apply to all Discovery Material.

8.      "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this litigation.

9.      "Receiving Party" means any Party that receives information produced or otherwise disclosed, whether through formal or informal means, by any Producing Party in this litigation.

10.      "Confidential Information" means all non-public information that the Producing Party reasonably and in good faith believes should be protected from public disclosure because such information (i) is commercial, proprietary, non-public information, or other business information of commercial value to the Producing Party (e.g., confidential research, development, manufacturing, commercial, or financial information); or (ii) implicates an individual's legitimate expectation of privacy.  Confidential Information shall apply to all information, documents, and things within the scope of discovery in this litigation that are designated as containing or comprising Confidential Information.  The information contained therein, any information derived from, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed Confidential Information. Information originally designated as Confidential Information shall not retain that status after any ruling by the Court denying such status to it.

11.      "Highly Confidential Information" means any Confidential Information that the Producing Party reasonably and in good faith believes contains highly sensitive business or personal information, the improper use or disclosure of which could result in significant competitive or commercial disadvantage to the Producing Party, including but not limited to: (i) trade secrets; (ii) confidential information regarding the research and development of current and future products, including without limitation New Drug Applications ("NDAs"), Abbreviated New Drug Applications ("ANDAs"), Investigational New Drug ("IND") applications, and Drug Master Files ("DMFs"); (iii) confidential information regarding patent applications or proceedings; (iv) sensitive financial or commercial information, including without limitation business plans,

marketing plans, and customer lists; and (v) information that the Producing Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations.

12.    "Protected Discovery Material" means Discovery Material designated by a Producing Party as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order.

13.    "Patents-in-suit" means U.S. Patent Nos. 8,883,206, 10,272,046, 10,646,481, and 11,147,770.

14.    "Patent Prosecution" means direct participation or supervision in drafting or amending patent claims during prosecution proceedings.  "Patent Prosecution" does not include representing a party in connection with a challenge to or in defense of a patent before a domestic or foreign agency (including, but not limited to, an opposition proceeding, a reissue proceeding, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or other post-grant review).

15.    "Inside Counsel" means any attorney who is an employee of a Party.

16.    "Designated Inside Counsel" means in-house attorneys that may be designated during this litigation pursuant to Paragraphs 36(b) or 37(b) of this Protective Order.

17.    "Outside Counsel" means any attorney from a law firm that has made a formal appearance as counsel of record for a Party in this litigation and who is not an employee of a Party or of an Affiliate.

18.    "Expert" means a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its Inside or Outside Counsel to serve as an expert witness or as a consultant in this litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an

officer, director, or employee of a Party or an Affiliate.  Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

19.     "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**<u>DESIGNATION</u>**

20.     Any Producing Party that produces or otherwise discloses Discovery Material that it reasonably and in good faith believes contains or comprises Protected Discovery Material shall so designate such Discovery Material with the definitions set forth in Paragraphs 10 and 11 of this Protective Order.

21.     When producing documents containing Protected Discovery Material, the Producing Party shall mark each page of the document such that the Receiving Party may reasonably determine the identity of the Producing Party.  This may be accomplished, e.g., through the use of a unique Bates prefix for each Producing Party.

22.     For documents or copies containing Protected Discovery Material produced as a static image, the Producing Party shall conspicuously mark each page of the document or copy with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

23.     For documents containing Protected Discovery Material produced in native format, the Producing Party shall include the appropriate confidentiality designation in the file name and/or slip sheet produced with the native format.  Any copies of such designated documents that have been printed or converted to Portable Document Format ("PDF") by the Receiving Party shall be

marked at the time of printing/PDF conversion with the appropriate confidentiality designation to ensure appropriate protection.

24.     For all documents produced that contain Protected Discovery Material, the Producing Party will also include in the load file corresponding to those documents the appropriate designation that includes the appropriate level of protection (i.e., "Confidential" or "Highly Confidential").

25.     Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, shall be treated as though it were designated "Highly Confidential" provided that, prior to or at any time up to thirty (30) days (as calculated by Fed. R. Civ. P. 6) after the inspection, the Party permitting inspection specifically identifies in writing which of the Discovery Material qualifies for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page.  There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Order.  Inspection of Discovery Material by any Party shall be conducted by persons eligible under Paragraphs 36 or 37 below.

26.     For information produced in some form other than documentary form and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

27.     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is neither relevant to the subject matters of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Each such redaction, regardless of size, shall be clearly labeled "Redacted – Non-Responsive" or "Redacted – Privileged" as appropriate.  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

28.     Testimony or information disclosed at a deposition may be designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by indicating on the record at the deposition the testimony or information contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all parties, in writing, within ten (10) business days of receipt of the final transcript of the deposition.  Transcripts containing Protected Discovery Material shall have an obvious legend on the title page that the transcript contains Protected Discovery Material, using the appropriate designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  The Producing Party shall inform the court reporter of these requirements.

29.     If a Party responsible for creating a captioned document in this litigation (e.g., brief, court filing, expert report, etc.) believes in good faith that the document contains either its own Protected Discovery Material or that of another Party or non-Party, it shall conspicuously mark the first page of the document with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and limit access to said document consistent with the provisions of this Order.

30.     Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses Protected Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures.  The filing Party shall conspicuously mark the first page of the document with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   The sealed material shall not be opened or released from the custody of the Clerk of Court except by Order of the Court.  Outside Counsel for the Party filing papers containing, describing, or discussing Protected Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, Revised May 2019.  If the filing contains the Protected Discovery Material of a Party or non-Party who did not file the document, within three (3) days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or non-Party a proposed public version of the filing that was made under seal if it contains the non-filing Party's or non-Party's Protected Discovery Material, and this proposed public version shall include redactions of Protected Discovery Material.  Within three (3) days after receipt of the proposed public version, Outside Counsel for the non-filing Party or non-Party shall provide any additional redactions it believes appropriate.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all Protected Discovery Material is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

31.     Third Parties may designate as "Confidential" or "Highly Confidential" deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by

subpoena, to the same extent and in the same manner as Parties and any such Protected Discovery Material shall be treated by the Parties in the same manner as the Protected Discovery Material produced by a Party.  Third Parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order.

## **USE**

32.     Protected Discovery Material produced by a Party or Third Party may be used by the Receiving Party only for purposes of this litigation.  Protected Discovery Material shall not be used for any other purpose including, but not limited to, any other lawsuit, any unrelated dispute resolution proceeding, in the preparation or prosecution of any patent application, any patent office proceeding, any petitioning, counseling, litigation, or other work involving the Food and Drug Administration ("FDA"), including any Citizens' Petition, or for any other business, proprietary, commercial, governmental, or regulatory purpose, domestic or foreign.  Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including Protected Discovery Material, for purposes other than this litigation.

33.     Nothing in this Protective Order shall bar or otherwise restrict any Outside Counsel or Designated Inside Counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of Protected Discovery Material produced or exchanged in this litigation: provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to Protected Discovery Material under this Protective Order, the Outside Counsel or Designated Inside Counsel shall not disclose the contents of Protected Discovery Material produced by any other Party or Third Party.

34.     At the deposition of any fact witness, unless agreed to by the Producing Party, such witness may be shown Protected Discovery Material if, and only if, the Protected Discovery

Material reveals on its face that the deponent or witness authored, prepared, executed, had knowledge of the substance of, or received the Protected Discovery Material in the ordinary course of business and outside the context of this litigation.  Notwithstanding the foregoing, any witness who is a currently employed officer, employee, or expert of a Party, or who has been designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party, may be shown Protected Discovery Material produced by that Party.

35.     Outside Counsel shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive Protected Discovery Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Protected Discovery Material.  The failure of individuals other than the deponent and the reporter to leave the deposition room during any portion of the deposition that inquiries into matters designated Confidential or Highly Confidential by the Producing Party shall constitute justification for Outside Counsel to instruct the witness that he or she should not answer the question.

## DISCLOSURE OF PROTECTED DISCOVERY MATERIAL

36.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Information may be disclosed by the Receiving Party only to the following persons:

(a)     Any Outside Counsel.

(b)     Up to three (3) Designated Inside Counsel for Vertex, and up to three (3) Designated Inside Counsel for Lupin, who, because of their duties and responsibilities, require access to Confidential Information.

10

(c)     Support personnel for attorneys listed in Paragraphs 36(a) and (b), such as law clerks, paralegals, secretaries, and clerical staff, assisting with this litigation under the supervision of an attorney described in Paragraph 36(a) or (b).

(d)     Analysts, scientific advisors, and patent agents, who are employees of a law firm of a Party's Outside Counsel.

(e)     Contract attorneys retained by a Party's Outside Counsel or Designated Inside Counsel for the sole purpose of assisting with document collection and review in this litigation.

(f)     Any Expert who is expressly retained by a Party or any Outside or Inside Counsel to assist in this litigation, with disclosure only to the extent necessary to perform such work.

(g)     Support personnel for Experts listed in Paragraph 36(f), assisting with this litigation under the supervision of an Expert described in Paragraph 36(f).

(h)     Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this litigation.

(i)     Professional Vendors, as defined in Paragraph 19.

(j)     Personnel of the Court and all appropriate courts of appellate jurisdiction.

(k)     Any other person requested by the Receiving Party and agreed to by the Producing Party in writing pursuant to the notice provision set forth below.

37.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Highly Confidential Information may be disclosed by the Receiving Party only to the following persons:

(a)    Any Outside Counsel, provided that any attorneys from such firms who engage in any Patent Prosecution proceedings before the U.S. Patent Office for ivacaftor or who have current responsibility for the Patent Prosecution of any patent or patent application claiming priority based on the Patents-in-suit shall not have access to Highly Confidential Information.  The restriction described in this Paragraph shall begin when access to Highly Confidential Information is first received by the affected individual and shall end one (1) year after final termination of this litigation.

(b)    One (1) Designated Inside Counsel for Vertex, and one (1) Designated Inside Counsel for Lupin, who, because of their duties and responsibilities, require access to Highly Confidential Information.  The Inside Counsel designated under this Paragraph shall be selected from the group designated under Paragraph 36(b).  The Designated Inside Counsel shall not have current responsibility for or directly participate in or supervise any Patent Prosecution of any patent or patent application for ivacaftor, products or compositions containing ivacaftor, and/or any methods of use or manufacture for ivacaftor and/or products or compositions containing ivacaftor.  A Designated Inside Counsel's role as supervisor of an attorney or patent agent engaged in Patent Prosecution described herein shall not constitute evidence sufficient to show that the Designated Inside Counsel is engaged in Patent Prosecution.  The Designated Inside Counsel may not submit or supervise or assist in any submission to the FDA, including any Citizens' Petition, regarding approval requirements for any product containing ivacaftor and/or methods of use thereof.  The Parties expressly agree that nothing in this Paragraph shall prevent an individual who receives Highly Confidential Information from performing work before the FDA solely for obtaining or maintaining approval of the Receiving Party's own NDA,

ANDA, or DMF, including the submission of any patent certifications and exclusivity statements and forms, so long as such individual does not use Confidential or Highly Confidential Information received in this action from a Producing Party in connection with such work.  The restriction described in this Paragraph shall begin when access to Highly Confidential Information is first received by the affected individual and shall end one (1) year after final termination of this litigation.

(c)     Support personnel for attorneys listed in Paragraphs 37(a) and (b), such as law clerks, paralegals, secretaries, and clerical staff, assisting with this litigation under the supervision of an attorney described in Paragraph 37(a) or (b).

(d)     Analysts, scientific advisors, and patent agents, who are employees of a law firm of a Party's Outside Counsel, so long as they are subject to the same restrictions as Outside Counsel set forth in Paragraph 37(a).

(e)     Contract attorneys retained by a Party or its Outside or Inside Counsel for the sole purpose of assisting with document collection and review in this litigation and who shall be subject to the same restrictions as Outside Counsel set forth in Paragraph 37(a).

(f)     Any Expert who is expressly retained by any Outside Counsel or Designated Inside Counsel to assist in this litigation, with disclosure only to the extent necessary to perform such work.

(g)     Support personnel for Experts listed in Paragraph 37(f), assisting with this litigation under the supervision of an Expert described in Paragraph 37(f).

(h)     Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this litigation.

(i)     Professional Vendors, as defined in Paragraph 19.

(j)     Personnel of the Court and all appropriate courts of appellate jurisdiction.

(k)     Any other person requested by the Receiving Party and agreed to by the Producing Party in writing pursuant to the notice provision set forth below.

38.     Protected Discovery Material shall not be disclosed to persons described in Paragraphs 36(e), (f), and (k) or Paragraphs 37(e), (f), and (k), unless and until such person has executed an acknowledgement in the form attached as Exhibit A.  Either Outside Counsel or Designated Inside Counsel must maintain a copy of the executed Exhibit A for each individual falling under Paragraphs 36(e), (f), and (k) or Paragraphs 37(e), (f), and (k) during the litigation and for a period of one year thereafter.

39.     As a condition precedent to disclosure of any Protected Discovery Materials to an individual described above in Paragraphs 36(f) and (k) or Paragraphs 37(f) and (k), at least ten (10) days (as calculated by Fed. R. Civ. P. 6) before the disclosure of the Protected Discovery Material is made, Outside Counsel for the Receiving Party shall serve a Notice on the Producing Party identifying such individual by name and including a curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties and Affiliates, all cases in which the individual has testified in a deposition or a trial in the past five (5) years, and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  If a Producing Party objects to the proposed disclosure to such individual, the Parties shall promptly confer in good faith to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than fifteen (15) days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement

in the form attached as Exhibit A and the CV or resume, or as otherwise directed by the Court. The objecting party shall seek to have the dispute heard by the Court as soon as is practicable.  If no such motion is made, Protected Discovery Material may be disclosed to the individual.  If a motion for a protective order is made, Protected Discovery Material may not be disclosed to the individual until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

40.     Protected Discovery Material shall not be disclosed to persons described in Paragraphs 36(b) or 37(b) unless and until such person has executed an acknowledgement in the form attached as Exhibit B.  During the pendency of this litigation, a Party that seeks to designate a Designated Inside Counsel, or replace a Designated Inside Counsel with a new designee, must first make a written request to the other Party by service of the acknowledgement in the form attached as Exhibit B completed and signed by the proposed Designated Inside Counsel.  A Party that makes a request to designate a Designated Inside Counsel or replace a Designated Inside Counsel and provides the information specified in the preceding sentence may disclose Protected Discovery Material to the newly identified Designated Inside Counsel unless, within ten (10) days of delivering the request (as calculated by Fed. R. Civ. P. 6), the Party receives a written objection from the objecting Party.  Any such objection must set forth in detail the grounds on which such objection is based.  A Party that receives a timely written objection must meet and confer in good faith with the objecting Party to try to resolve the matter by agreement.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than fifteen (15) days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit B, or as otherwise directed by the Court.  The objecting party shall seek to have the dispute heard by the Court as soon as is

practicable.  If no such motion is made, Protected Discovery Material may be disclosed to the individual.  If a motion for a protective order is made, Protected Discovery Material may not be disclosed to the individual until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

41.     The recipient of any Protected Discovery Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.  The recipient of Protected Discovery Material produced in electronic form shall maintain such Protected Discovery Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 36 or 37.

## EXEMPTED MATERIALS AND OBJECTION TO DESIGNATIONS

42.     Any Receiving Party may object to the designation by the Producing Party of any Discovery Material as Protected Discovery Material.  The process for making an objection to the designation and for resolving the dispute shall be as follows:

(a)     Outside Counsel for the Receiving Party shall notify Outside Counsel for the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated Protected Discovery Material as well as the reasons for the objection.

(b)     Outside Counsel for the Receiving Party shall thereafter have the burden of promptly conferring with Outside Counsel for the Producing Party claiming protection (as well as any other interested Third Party) in a good-faith effort to resolve the dispute.

(c)     Failing agreement, the Receiving Party may apply to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The

Receiving Party bears the burden to establish that the Discovery Material is not Protected Discovery Material as defined in Paragraphs 10 and 11 and therefore not entitled to such protection under this Protective Order.

43.     Discovery Material is not properly designated as Protected Discovery Material if it has/had been:

(a)     available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

(c)     known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without the use or benefit of Discovery Material;

(d)     obtained outside of this litigation by such Receiving Party from the Producing Party without having been designated as Protected Discovery Material; provided, however, that this provision does not negate a protective order in another action or any other pre-existing obligation of confidentiality;

(e)     previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or any Third Party without an obligation of confidentiality; or

(f)     obtained by the Receiving Party from a Third Party provided the production by the Third Party did not violate this Protective Order or a protective order in another action or any other pre-existing obligation of confidentiality.

Notwithstanding any such challenge to the designation of Discovery Material as Protected Discovery Material, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs:

(a) the Party which designated the material as Protected Discovery Material withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

### NO WAIVER OF PRIVILEGE

44.     Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), the production of documents subject to the attorney-client privilege or the work-product immunity, or any other privilege or immunity, will not waive the attorney-client privilege, work-product immunity, or other privilege or immunity in this litigation or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected information in this litigation as part of a production is not itself a waiver in this litigation or in any other federal or state proceeding.  Further, the fact that information was produced shall not be used in any manner as evidence in support of any such alleged waiver.  If a Party has produced information subject to a claim of privilege or immunity, upon request identifying such information ("Recalled Information"), the information and all copies thereof shall be returned promptly, or a signed verification by Outside Counsel for the Receiving Party certifying that all such information and copies have been destroyed shall be provided to Outside Counsel for the Producing Party no later than fifteen (15) days (as calculated by Fed. R. Civ. P. 6), after a request is made by the Producing Party, as required by Rule 26(b)(5)(B).  Moreover, any notes or summaries, other than those previously permitted under this section, referring to or relating to any Recalled Information subject to a claim of privilege or immunity shall be destroyed.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the Recalled Information and generally describe its nature and subject matter sufficient to show the alleged non-privileged information to the Court in any motion to compel production of the information.  Such a record of the identity,

nature, and subject matter of such information may not be used for any purpose other than preparation of a motion to compel in this litigation.  After the return or destruction of Recalled Information, the Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court.

## **FAILURE TO DESIGNATE**

45.     The failure by a Producing Party to designate Discovery Material as Protected Discovery Material shall not be a waiver of such designation provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is Protected Discovery Material promptly but not more than fifteen (15) days (as calculated by Fed. R. Civ. P. 6) after the failure to designate first became known to the Producing Party.  The failure by a Producing Party to designate Discovery Material as Protected Discovery Material shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as Protected Discovery Material shall not be in violation of this Protective Order for any use made of such Discovery Material before the Receiving Party is informed of the failure to designate.  Once the Receiving Party has been informed of the failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Protective Order.

46.     In the event of disclosure of Protected Discovery Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose Protected Discovery Material has been disclosed of all known relevant

information concerning the nature and circumstances of the disclosure.  The Party responsible for improperly disclosing such Protected Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## RETURN/DESTRUCTION OF MATERIALS

47.     Not later than seventy-five (75) days (as calculated by Fed. R. Civ. P. 6) after the termination of this litigation, all Protected Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that (a) Outside Counsel for each Party may each retain one (1) archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Discovery Material, and (b) each Party (under the custody and control of Designated Inside Counsel) may retain one (1) archival copy of all papers filed with the Court, trial transcripts, trial exhibits, expert reports, correspondence, and attorney work product containing such Discovery Material, and provided that such Party, and their respective Outside Counsel, Designated Inside Counsel, and their respective employees shall not disclose any Party's Protected Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 41.  Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this litigation, the Party receiving any Protected Discovery Material shall certify in writing that all such material has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

48.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not

believed by any Party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an Order that certain information may not be discovered at all.

49.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, and except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

50.     Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this litigation or otherwise that any document, communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this litigation or any other proceeding.

51.     If at any time Protected Discovery Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice pursuant to the provisions of Paragraph 52 and shall provide the Producing Party with an opportunity to object to the production of such materials.  If the Producing Party does not move for a protective order within fifteen (15) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, the Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request, but not prior to the end of the fifteen (15) day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

52.     All notices during this litigation required by this Protective Order are to be made by email to a Party's Outside Counsel, and all notices subsequent to the termination of litigation

are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date the Party's Outside Counsel or the Party's general counsel first receives the notice via either email or U.S. mail sent and addressed as required under this Paragraph.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by Outside Counsel or Designated Inside Counsel for the Producing Party.

53.     This Order may be amended by the agreement of Outside Counsel for the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  The Court retains the right to allow disclosure of any subject or Protected Discovery Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

54.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have the opportunity to appear and be heard on whether that information should be disclosed.

55.     Each person who receives Protected Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

56.     In the event that any person shall violate or threaten to violate the terms of this Protective Order, the Producing Party may immediately apply to obtain injunctive relief and such sanctions as may be available to the Court, including the power to hold violators of this Protective

Order in contempt.  In any proceedings relating to the performance under, compliance with, or violation of this Protective Order, a person who has violated or threatened to violate the terms of this Protective Order shall not employ as a defense that the Producing Party possesses an adequate remedy at law.  Nothing herein shall prevent any Producing Party from seeking additional or different relief from the Court not specified in this Protective Order.

57.     Neither the termination of this litigation nor the termination of employment of any person with access to any Protected Discovery Material shall relieve a Party from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order. The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this litigation.

SO ORDERED this __14th__ day of November, 2022.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

MURPHY & LANDON

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Francis J. Murphy
Francis J. Murphy (#223)
Jonathan L. Parshall (#3247)
1011 Centre Road, Suite 210
Wilmington, Delaware 19806
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com
jonp@msllaw.com

OF COUNSEL:

Keith D. Parr
James T. Peterka
Nina Vachhani
Amy Lange
Jacob C. Britz
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606 (312) 443-0700

*Attorneys for Lupin Ltd. and Lupin
Pharmaceuticals, Inc.*

/s/ Derek J. Fahnestock
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com

OF COUNSEL:

Dimitrios T. Drivas
Alison Hanstead
Laura Logsdon
Joel L. Broussard
Mila Owen
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

C. Sebastian Zonte
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071
(213) 620-7700

*Attorneys for Vertex Pharmaceuticals
Incorporated*

November 11, 2022

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:22-00966-RGA |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

## DECLARATION TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that:

(a)  My present address is _____

_____.

(b)  My present employer is _____

and the address of my present employer is _____

_____

_____.

(c)  My present occupation or job description is _____

_____.

(d)  I have received and carefully read the Protective Order in this litigation dated

_____ and understand its provisions.  Specifically, I understand that I am

obligated, under order of the Court, to hold in confidence and not to disclose the contents of

anything marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except as permitted by

the Protective Order.  I further understand that I am not to disclose to anyone other than those

persons identified in Paragraphs 36 or 37 of the Protective Order any words, substances, summaries, abstracts, or indices of any Protected Discovery Material disclosed to me. According to the restrictions of Paragraph 32 of the Protective Order, I will use Discovery Material, including Protected Discovery Material, or information derived therefrom, solely for purposes relating to the above-captioned litigation.  I will never use Protected Discovery Material or information derived therefrom, directly or indirectly, in competition with the Producing Party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e)   At the termination of this litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Protected Discovery Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

(f)   I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this litigation.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Date:_____          _____

Signature

2

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:22-00966-RGA |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

## <u>DECLARATION TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, declare under penalty of perjury that:

(a)   My present address is _____

_____.

(b)   My present employer is _____

and the address of my present employer is _____

_____

____.

(c)   My present occupation or job description is _____

_____.

(d)   I have received and carefully read the Protective Order in this litigation dated,

_____ and understand its provisions. I agree

1

(i)      to be bound by the terms of the Protective Order;

(ii)     to use Protected Discovery Material solely for the purposes delineated within the Protective Order;

(iii)    to not disclose any Protected Discovery Material to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Protective Order; and that

(iv)     I meet the requirements for Designated Inside Counsel as set forth in Paragraphs 36(b) or 37(b) of the Protective Order.

(e)  I will return or destroy all Protected Discovery Material at the relevant time in accordance with Paragraph 47 of the Protective Order.

(f)  I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Date:_____          _____
                                    Signature