IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 22-966 (RGA)<br>**CONSOLIDATED** |
| VERTEX PHARMACEUTICALS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 24-458 (RGA) |

**JOINT STIPULATION AND [PROPOSED] ORDER**
**TO CONSOLIDATE AND AMEND SCHEDULING ORDER**

**WHEREAS**, Plaintiff Vertex Pharmaceuticals Incorporated ("Vertex") holds approved New Drug Application ("NDA") No. 207925 for the drug product Kalydeco® (ivacaftor) oral granules;

**WHEREAS**, on July 22, 2022, Vertex brought a patent infringement suit against Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin" or "Defendants") arising from Lupin's submission of ANDA No. 217431, seeking approval to commercially market a generic version of Vertex's Kalydeco® prior to the expiration of United States Patent Nos. 8,883,206 (the "'206 patent"), 10,272,046 (the "'046 patent"), 10,646,481 (the "'481 patent"), and 11,147,770

(the "'770 patent") (collectively, the "patents-in-suit") in *Vertex Pharmaceuticals Incorporated v. Lupin Limited and Lupin Pharmaceuticals, Inc.* (C.A. No. 1:22-00966-RGA) ("First Action");

**WHEREAS**, on May 26, 2023, Vertex brought a patent infringement suit against Lupin arising from the amendment of Lupin's ANDA No. 217431, seeking approval to commercially market a generic version of Vertex's Kalydeco® oral granules prior to the expiration of United States Patent No. 11,564,916 (the "'916 patent") in *Vertex Pharmaceuticals Incorporated v. Lupin Limited and Lupin Pharmaceuticals, Inc.* (C.A. No. 1:23-00583-RGA) ("Second Action");

**WHEREAS**, on July 10, 2023, the First Action and Second Action were consolidated for all purposes including trial under C.A. No. 1:22-cv-00966-RGA ("Consolidated Action").

**WHEREAS**, on April 11, 2024, Vertex brought a patent infringement suit against Lupin arising from the amendment of Lupin's ANDA No. 217431, seeking approval to commercially market a generic version of Vertex's Kalydeco® oral granules prior to the expiration of United States Patent No. 11,752,106 ("the '106 patent") in *Vertex Pharmaceuticals Incorporated v. Lupin Limited and Lupin Pharmaceuticals, Inc.* (C.A. No. 1:24-00458-RGA) ("'106 Action");

**WHEREAS**, Vertex and Lupin agree that the Consolidated Action and '106 Action (collectively, the "Actions") may present common questions of law or fact, and that considerations of efficiency, expense, and fairness favor the consolidation of the Actions for all purposes including trial; and

**WHEREAS**, subject to the Court's approval, Vertex and Lupin have agreed to a schedule for the consolidated Actions;

IT IS ORDERED this **___ day of _________ 2024** that:

1. Consolidation. These Actions are consolidated for all purposes including trial, and all filings shall be made in *Vertex Pharmaceuticals Incorporated v. Lupin Limited and Lupin Pharmaceuticals, Inc.* (C.A. No. 1:22-00966-RGA).

2. Answer to Complaint. The Complaint in C.A. No. 1:24-458-RGA is deemed served and Lupin shall not raise and expressly waive any challenge related to service of this Complaint. Lupin shall answer or otherwise respond to this Complaint by **May 31, 2024**.

3. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Standard") with respect to the '106 patent by **June 7, 2024**. Vertex and Lupin agree to exchange initial patent disclosures as set forth below.

a. Vertex shall provide its initial disclosures pursuant to Paragraph 4(a) of the Default Standard with respect to the '106 patent in the '106 Action no later than **June 7, 2024**.

b. Lupin shall supplement its production of its ANDA, as necessary, by **June 14, 2024**.

c. Vertex shall provide its initial disclosures pursuant to Paragraph 4(c) of the Default Standard with respect to the '106 patent in the '106 Action no later than **June 28, 2024**.

d. Lupin shall provide its disclosures pursuant to Paragraph 4(d) of the Default Standard with respect to the '106 patent in the '106 Action no later than **July 12, 204**.

e. The parties agree to follow the Default Standard with respect to ESI and will meet and confer regarding additional parameters for the production of ESI.

4. Service by Electronic Means. The parties agree to accept service of all documents, including discovery requests and responses, via electronic mail. The parties agree that service on any party via electronic mail shall be made on both Delaware and lead counsel for that party.

5. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings in the '106 Action shall be filed on or before **September 16, 2024**.

6. Application to Court for Protective Order. A Protective Order was previously entered in the First Action on November 14, 2022 (D.I. 26). Vertex and Lupin will separately file a stipulation to be bound by the same Protective Order as to the '106 Action.

7. Papers Filed Under Seal. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. Claim Construction Issue Identification. On or before **July 26, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) in the '106 patent that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **August 9, 2024**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in

support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patents in issue as well as those portions of the intrinsic record relied upon shall be submitted with the[1] Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. Claim Construction Briefing.[2] Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **August 30, 2024**. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **September 20, 2024**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **October 11, 2024**. Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **October 25, 2024**. No later than **October 30, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

A. [TERM 1][3]

1. Plaintiff's Opening Position
2. Defendants' Answering Position
3. Plaintiff's Reply Position
4. Defendants' Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position
2. Defendants' Answering Position
3. Plaintiff's Reply Position
4. Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10. Hearing on Claim Construction. Beginning at __ **a.m.** on **December __, 2024**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

11. Discovery.

a. Fact Discovery Cut Off. All fact discovery shall be initiated so that it will be completed on or before **November 22, 2024**.

b. Requests for Admission. Vertex may serve a maximum of **35** requests for admission on Lupin. Lupin may serve a maximum of **35** requests for admission on Vertex. Any requests for admission directed to the authentication of documents are excluded from this limitation, and may be served up until 60 days prior to trial.

c. Interrogatories. Vertex may serve a maximum of **25** interrogatories, including contention interrogatories, on Lupin. Lupin may serve a maximum of **25** interrogatories, including contention interrogatories, on Vertex.

d. Depositions.

i. Limitation on Hours for Deposition Discovery. Vertex is limited to a total of **70** hours of taking testimony by deposition upon oral examination of Lupin. Lupin is limited to a total of **70** hours of taking testimony by deposition upon oral examination of Vertex, including the depositions of any former employees of Vertex. Both sides must prioritize depositions, including those of inventors.

ii. Location of Depositions. The parties agree to take depositions of the parties' witnesses who are located within the United States at a location in the United States agreed to by the parties on a deposition-by-deposition basis. The parties agree to take depositions of the parties' witnesses who are located outside the United States at a location to be agreed to by the parties on a deposition-by-deposition basis. The parties agree to present for deposition at a location in the United States or another location agreed to by the parties on a deposition-by-deposition basis witnesses designated to testify under Fed. R. Civ. P. 30(b)(6).

iii. Remote Depositions. Should it be infeasible to conduct in-person depositions of fact or expert witnesses on the schedule contemplated herein due to legal, safety, timing, cost considerations, personal health and/or public health concerns (e.g., as resulting from a pandemic or another such emergency), the parties shall conduct remote depositions via videoconference, according to the Stipulation Concerning Protocol for Conducting Remote Depositions (D.I. 174 in 1:20-cv-00988-RGA-CJB). The parties agree that witnesses designated to testify under Fed. R. Civ. P. 30(b)(6) may be deposed remotely upon mutual agreement of the parties.

e. Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 24, 2025**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 14, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **April 18, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, if they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 23, 2025**.

ii. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion according to the schedule in Attachment A.

f. Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g. Miscellaneous Discovery Matters.

i. Other Litigations and Proceedings. Lupin does not presently expect to file any IPRs for the '916 patent, but any IPR would need to be filed by **May 27, 2024**. Lupin

also does not presently expect to file any IPRs for the '106 patent, but any IPR would need to be filed by **April 11, 2025**.

12. Case Dispositive Motions. No motion for summary judgment may be filed without leave of Court.

13. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. Pretrial Conference. On **September __, 2025**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **__ a.m**. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined

in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. Trial. This matter is scheduled for a three (3) day bench trial beginning at 8:30 a.m. on **September __, 2025**, with the subsequent trial days beginning at 8:30 a.m. and ending at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. Case Schedule. A summary of the case schedule appears in Attachment A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiff Vertex Pharmaceuticals Incorporated*

MURPHY & LANDON

*/s/ Francis J. Murphy*

Francis J. Murphy (#223)
Jonathan L. Parshall (#3247)
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8106
fmurphy@msllaw.com
jonp@msllaw.com

*Attorneys for Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.*

SO ORDERED this _____ day of May, 2024.

The Honorable Richard G. Andrews
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A: CASE SCHEDULE**

| **EVENT** | **CURRENT DATE** | **AMENDED DATE** |
| --- | --- | --- |
| Lupin to answer ’106 Patent complaint | | May 31, 2024 |
| Vertex’s Paragraph 4(a) disclosures with respect to the ’106 patent to be served on Lupin | | June 7, 2024 |
| Parties to serve Fed. R. Civ. P. 26(a)(1) and Paragraph 3 initial disclosures in ’106 Action with respect to the ’106 patent | | June 7, 2024 |
| Lupin to supplement production of core technical documents under Paragraph 4(b) | | June 14, 2024 |
| Vertex’s Paragraph 4(c) disclosures (infringement contentions) with respect to the ’106 patent to be served on Lupin | | June 28, 2024 |
| Lupin’s Paragraph 4(d) disclosures (invalidity contentions) with respect to the ’106 patent to be served on Vertex | | July 12, 2024 |
| Parties to exchange proposed claim terms and preliminary claim constructions with respect to the ’106 patent | | July 26, 2024 |
| Parties to submit joint claim construction chart including supporting evidence | | August 9, 2024 |
| Vertex to serve opening claim construction brief | | August 30, 2024 |
| Motions to join other parties and to amend or supplement pleadings due in the ’106 Action | | September 16, 2024 |
| Lupin to serve answering claim construction brief | | September 20, 2024 |
| Vertex to serve reply claim construction brief | | October 11, 2024 |
| Lupin to serve sur-reply claim construction brief | | October 25, 2024 |
| Parties to file joint claim construction brief | | October 30, 2024 |
| Fact discovery closes | June 28, 2024 | November 22, 2024 |
| Hearing on claim construction | | December __, 2024 |
| Opening expert reports due | August 9, 2024 | January 24, 2025 |
| Rebuttal expert reports due | October 4, 2024 | March 14, 2025 |
| Reply expert reports due | November 8, 2024 | April 18, 2025 |
| Parties to complete expert depositions | December 13, 2024 | May 23, 2025 |

| **EVENT** | **CURRENT DATE** | **AMENDED DATE** |
|---|---|---|
| Parties to file opening *Daubert* motions | February 7, 2025 | June 13, 2025 |
| Parties to file oppositions to *Daubert* motions | February 28, 2025 | July 7, 2025 |
| Parties to file replies to *Daubert* motions | March 14, 2025 | July 28, 2025 |
| Parties to file Joint Proposed Final Pretrial Order | 5:00 pm four business days before final pretrial conference | 5:00 pm four business days before final pretrial conference |
| Final Pretrial Conference | April 4, 2025 | September __, 2025 |
| Trial | April 14, 2025 | September __, 2025 |