IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>LUPIN LIMITED and<br>LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 22-966 (SB)<br>**CONSOLIDATED**<br><br>**REDACTED -**<br>**PUBLIC VERSION** |

OPENING LETTER BRIEF TO THE HONORABLE STEPHANOS BIBAS
IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
<u>DEFENDANTS' UNTIMELY NONINFRINGEMENT ARGUMENTS</u>

OF COUNSEL:

Dimitrios T. Drivas
Alison Hanstead
Alexandra J. Cho
Kevin Georgek
Samantha J. Kokonis
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

C. Sebastian Zonte
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
(213) 620-7700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Megan E. Dellinger (#5739)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiff Vertex Pharmaceuticals Incorporated*

Original filing date: November 24, 2025
Redacted filing date: December 15, 2025

Dear Judge Bibas:

Pursuant to Fed. R. Civ. P. 37(c)(1), Plaintiff Vertex Pharmaceuticals Incorporated ("Vertex") moves to strike Lupin's arguments concerning ensnarement, claim vitiation, and disclosure-dedication, which reflect noninfringement theories raised for the first time during rebuttal expert reports, specifically Dr. Maureen D. Donovan's Rebuttal Expert Report ("the Donovan Report"). These belated arguments are entirely based on information available to Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") since the early stages of this litigation. In particular, these arguments relate to concepts limiting the scope of permissible equivalents for infringement under the doctrine of equivalents ("DOE")—ensnarement precludes theories covering equivalents that encompass the prior art; claim vitiation precludes theories based on an asserted range of equivalence so broad that it reads out a claim limitation; and disclosure-dedication precludes infringement theories covering equivalents disclosed in the specification but not claimed. All Lupin needed to make its arguments were the Patents-in-Suit, prior art, and notice of Vertex's DOE arguments.

Lupin provides no explanation or justification for its delay. Lupin's course of conduct during discovery—withholding important information regarding product development and precursor product testing until the close of fact discovery (*see* D.I. 144) and repeatedly refusing Vertex's requests to supplement interrogatory responses, including Interrogatory Nos. 3, 10-17 concerning Lupin's noninfringement contentions—suggest this late disclosure is not simply a lack of diligence, but disregard for its discovery obligations. Given the late stages of these proceedings, the prejudice caused by Lupin cannot be cured. Accordingly, the *Pennypack* factors weigh in favor of striking Lupin's late-disclosed arguments.

**Background**. Vertex initiated this Hatch-Waxman action against Lupin in July 2022 following Lupin's submission of Abbreviated New Drug Application ("ANDA") No. 217431 to the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of Vertex's Kalydeco® (ivacaftor) oral granules (the "Lupin Product"). Kalydeco® is the first product approved by the FDA for the treatment of cystic fibrosis in patients less than 6 years old. Cystic fibrosis is a genetic disease affecting approximately 30,000 children and adults in the United States that has severe effects on the lungs and other organs. Lupin first received Vertex's infringement contentions for the first asserted patents (the '481, '206, '046, and '770 patents) nearly three years ago in January 2023. Shortly thereafter, Vertex served Interrogatory No. 3 requesting all facts and opinions supporting Lupin's noninfringement contentions. On December 15, 2024, Vertex served additional interrogatories seeking the bases for Lupin's noninfringement contentions regarding specific claim limitations. The sole noninfringement argument raised by Lupin in rebuttal to Vertex's DOE contentions was prosecution history estoppel. Throughout fact discovery, Vertex repeatedly requested that Lupin supplement its interrogatory responses and noted its intent to strike any arguments not timely disclosed by Lupin. *See, e.g.*, Ex. A (Mar. 22, 2023 Letter); Ex. B (Feb. 14, 2025 Letter). Lupin largely rebuffed Vertex's requests.

Two weeks before the close of fact discovery, Lupin served its Fourth Supplemental Responses to Interrogatory No. 3. Ex. C at 34-41. In its response, Lupin identified a new disclosure-dedication argument (for the mannitol limitations of the '206, '046, '770, '106, and '083 patents) as the sole addition to its previously raised prosecution history estoppel argument. The parties exchanged expert reports during the summer. D.I. 134. In the Donovan Report served in

1

rebuttal to Vertex's opening infringement report, Lupin raised through its expert new noninfringement arguments regarding ensnarement, disclosure-dedication (for the croscarmellose sodium/disintegrant limitations of the '206, '046, '770, '106, and '083 patents), and claim vitiation. *Compare* Ex. D (Donovan Report), *with* Ex. C (Lupin's Fourth Supp. Obj. and Resp. to Vertex's First Set of Interrogatories (Nos. 1-6)), Ex. E (Lupin's Obj. and Resp. to Vertex's Second Set of Interrogatories (Nos. 7-21)). Then on reply, Lupin raised new invalidity arguments regarding obviousness. Counsel for the parties subsequently met and conferred regarding the noninfringement and invalidity arguments raised for the first time in Lupin's expert reports. On November 3, Lupin accepted Vertex's compromise proposal to allow Vertex's experts to submit sur-reply validity reports. The parties were unable to resolve the issues relating to Lupin's untimely noninfringement arguments.

**Legal Standard**. A court may exclude information that a party fails to provide as required by Rule 26(e) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether to preclude evidence under Rule 37, courts in the Third Circuit consider the five *Pennypack* factors: (1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure the prejudice; (3) the likelihood of disruption of trial; (4) the bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence sought to be excluded. *See Finjan, Inc. v. Rapid7, Inc.*, C.A. No. 18-15190-MN, 2020 WL 5798545, at *2 (D. Del. Sept. 29, 2020).

***Pennypack* Factor 1: Prejudice**. The disclosure of noninfringement contentions during fact discovery is fundamental to the patent litigation process. Even where the local rules do not expressly require the exchange of noninfringement contentions, plaintiffs serve contention interrogatories to crystallize the parties' theories of the case early in the litigation. In this case, Lupin was required to disclose all theories and supporting facts for its noninfringement positions during fact discovery in response to Vertex's contention interrogatories. *See Woods v. DeAngelo Marino Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (Rule 26(e) obligations particularly important for patent contention interrogatories to enable plaintiff opportunity to discover relevant facts). Courts recognize the importance of parties defining their infringement and invalidity positions early and have routinely found prejudice when a party introduces a new theory or argument for the first time in an expert report—often excluding such untimely arguments. *See, e.g.*, *ViaTech Techs., Inc. v. Microsoft Corp.*, C.A. No. 17-570-RGA, 2021 WL 663057, at *4 (D. Del. Feb. 19, 2021) (excluding new infringement theories); *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, C.A. No. 15-819-LPS-CJB, 2017 WL 11558096, at *11 (D. Del. Dec. 11, 2017) (excluding late-disclosed market share apportionment theory); *Vehicle IP, LLC v. Werner Enterprises, Inc.*, C.A. No. 10-cv-503-SLR, D.I. 209 (D. Del. Sept. 20, 2013) (precluding from trial untimely noninfringement arguments in rebuttal expert report). Here, Lupin's failure to timely disclose its ensnarement, claim vitiation, and disclosure-dedication theories deprived Vertex of the opportunity to understand Lupin's complete contentions before developing its case strategy and to explore disputed factual issues during fact discovery. Lupin should not be permitted to benefit from its delay.

The prejudice to Vertex is underscored by the arguments presented in the Donovan Report. As one example, Dr. Donovan opines that Vertex's expert, Dr. Berkland, has failed to meet his burden to provide a hypothetical claim to rebut Lupin's ensnarement defense. *See, e.g.*, Ex. C at ¶ 110. But a hypothetical claim analysis is peculiar to the ensnarement defense and not necessary

2

to determine equivalency under DOE. *Conroy v. Reebok Int'l Ltd.*, 14 F.3d 1570, 1577 (Fed. Cir. 1994). Even if it were, Dr. Berkland could not have responded to a defense that Lupin had not yet raised. Vertex was not required to guess which defenses Lupin would raise in this litigation. Lupin, through Dr. Donovan, has deprived Vertex of the opportunity to prepare its expert reports and develop its case strategy considering Lupin's complete rebuttal case.

***Pennypack* Factors 2 & 3: Lack of Opportunity to Cure and Disruption of Trial**. There is no adequate cure for the prejudice suffered by Vertex. With fact discovery closed and expert discovery nearing close, Vertex cannot now fully inquire through written discovery or deposition about disputed facts. *See Bausch & Lomb Inc. v. SBH Holdings LLC*, 2025 WL 775501, at *4 (D. Del. Mar. 11, 2025) (affirming exclusion of disclosure-dedication arguments raised for the first time on summary judgment due to uncurable prejudice); *Vehicle IP, LLC*, C.A. No. 10-cv-503-SLR, D.I. 209 at 1 n.1 ("[w]hile expert discovery is party of the discovery process, it is the part where the experts opine on the facts vetted during fact discovery"). Even if the parties were to exchange supplemental contentions with respect to Lupin's late-disclosed arguments (*e.g.*, to identify hypothetical claims for the ensnarement analysis), such exchanges cannot be completed without disruption of trial and without additional expense to Vertex. Expert depositions are to be completed by January 22, 2026, and trial will begin May 11, 2026. *See* D.I. 175. Any supplemental contentions would require expert discovery to be extended, which will impact *Daubert* deadlines and pre-trial preparations, at a minimum. D.I. 176.

***Pennypack* Factor 4: Bad Faith**. Lupin has provided no explanation or justification for its delay. Despite Lupin's awareness of these theories (as evidenced by Lupin articulating relevant legal standards in its Paragraph IV notices as early as June 2022) and possession of all the necessary information for at least nearly 2.5 years, Lupin failed to disclose these arguments in its interrogatory responses. At a minimum, Lupin has demonstrated a "flagrant disregard" for its discovery obligations. *See Bausch & Lomb Inc., et al. v. SBH Holdings LLC*, C.A. No. 20-1463-GBW-CJB, D.I. 250 (D. Del. February 5, 2025), *objections overruled in*, 2025 WL 775501. Accordingly, the fourth *Pennypack* factor favors exclusion.

***Pennypack* Factor 5: Importance**. The final *Pennypack* factor also favors exclusion. Courts in this District have found this factor to favor exclusion where exclusion would not entirely foreclose the non-movant's case. *See Integra Lifesciences Corp.*, 2017 WL 11558096, at *12 (fifth factor favored exclusion because plaintiffs' case would not be foreclosed entirely); *Finjan*, 2020 WL 5798545, at *4 (same). Excluding Lupin's untimely opinions would not deprive Lupin of a noninfringement case. These arguments are just a subset of the noninfringement arguments raised by Lupin in rebuttal to Vertex's allegations of infringement under the doctrine of equivalents. Lupin cannot credibly claim that these noninfringement arguments have critical importance to its case after failing to timely raise them when it had all the necessary information for years. Lupin can continue with its noninfringement case with its previously disclosed theories.

**Conclusion**. Each of the *Pennypack* factors weighs in favor of exclusion. Moreover, "even without a strict showing that each *Pennypack* factor is satisfied," courts have been more willing to grant motions to strike in "sophisticated, complex litigation involving parties represented by competent counsel," as is the case here. *Finjan*, 2020 WL 5798545, at *4. Accordingly, the Court should grant Vertex's motion to strike and exclude Lupin's belated noninfringement arguments.

                    Respectfully,

                    */s/ Derek J. Fahnestock*

                    Derek J. Fahnestock (#4705)

DJF/rah  
Attachments  
cc:        All Counsel of Record (via CM/ECF and e-mail)

4