# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED, | ) ) ) |
| Plaintiff, | ) C.A. No. 22-966 ) **CONSOLIDATED** |
| v. | ) ) |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS LUPIN LIMITED AND LUPIN PHARMACEUTICALS, INC.'S RESPONSIVE LETTER BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO <u>STRIKE NON-INFRINGEMENT ARGUMENTS</u>

OF COUNSEL:

Keith D. Parr
James T. Peterka
Nina Vachhani
Amy M. Lange
Jacob C. Britz
BUCHANAN INGERSOLL & ROONEY PC
150 North Riverside Plaza Suite 2800
Chicago, IL 60606
(312) 261-8777

MURPHY & LANDON
Francis J. Murphy (#223)
1011 Centre Road, Suite 210
Wilmington, Delaware 19806
(302) 472-8100
(302) 472-8135 (fax)
fmurphy@msllaw.com

*Counsel for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

December 3, 2025

Dear Judge Bibas:

We write on behalf of Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") in response to Vertex Pharmaceuticals Inc.'s ("Vertex" or "Plaintiff") letter brief (D.I. 179) in support of its motion to strike certain non-infringement opinions in the Rebuttal Expert Report of Maureen D. Donovan, Ph.D. ("Dr. Donovan's Rebuttal Report"). Lupin respectfully requests that the Court deny Vertex's motion for the reasons stated herein.

Vertex's letter brief fails to demonstrate that it can satisfy the *Pennypack* factors that govern the relief requested in its motion. *See Mallinckrodt PLC v. Airgas Therapeutics LLC*, No. CV 22-1648-RGA, 2025 WL 2410306, at *3 (D. Del. Aug. 20, 2025) (courts in the Third Circuit consider the *Pennypack* factors when deciding whether expert testimony should be stricken). Vertex's arguments seeking to strike portions of Dr. Maureen Donovan's Rebuttal Expert Report are far less compelling than those made in the *Mallinckrodt* case. *Id.* at *19-21. If any party has failed to disclose its arguments, it is Vertex who failed to timely and adequately disclose and explain the bases for its infringement claims and was adding patents to the case as late as April 2025. *See* D.I. 134.

### I. Vertex Bears the Burden of Proof on Doctrine of Equivalents—and Has Not Met Its Own Disclosure Obligations

Vertex's motion to strike (D.I. 178, 179) focuses only on its infringement claims based on the doctrine of equivalents. As the patent owner, Vertex bears the burden of proving infringement under the doctrine of equivalents on an element-by-element basis. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). Vertex therefore bears the burden to show — for each element — that each component in Lupin's formulation is properly within the scope of allowable equivalents. Vertex's burden in proving infringement includes ensuring that its doctrine of equivalents arguments do not ensnare prior art, do not read out a claim limitation, and do not recapture subject matter disclosed but not claimed in the relevant patent specifications.

Vertex's initial infringement contentions simply used the customary function, way, and result and insubstantial difference wording, i.e., merely recited what would need to be proven. They lacked any further detailed explanation sufficient to apprise Lupin of the bases for Vertex's infringement claims based on the doctrine of equivalents. Vertex repeatedly relied on conclusory statements that offered no meaningful analysis of how Lupin's product allegedly infringes, a problem that Lupin raised with Vertex during discovery. *See, e.g.,* Ex. F, July 17, 2024 Letter from Lange to Hanstead. Vertex's supplemental infringement contentions remained conclusory, lacking the analysis necessary to apprise Lupin of the infringement theories it might need to rebut.

### II. The Pennypack Factors Do Not Support Exclusion of Dr. Donovan's Opinions

**Pennypack Factor 1: Vertex Cannot Show Any Surprise or Prejudice**

Vertex cannot show any surprise or prejudice because it waited until 4 months after receiving Dr. Donovan's Rebuttal Report (which was served on July 24, 2025) to move to strike her opinions. *ART+COM Innovationpool GmbH v. Google Inc.*, 155 F. Supp. 3d 489, 511 (D. Del. 2016) (court denied motion to exclude non-infringing alternative opinions where plaintiff waited 3 months to object). Dr. Donovan's Rebuttal Report was served only 3 months after the latest

Page | 1

patent (U.S. Patent No. 12,214,083) was added to the case and Vertex has served reply expert reports responding to Dr. Donovan's opinions that Vertex now seeks to strike.

Lupin previously served detailed Notice Letters for all of the patents currently in suit except U.S. Patent No. 11,147,770, which was late-listed in the Orange Book. Lupin's Notice Letters contained detailed analysis of Lupin's non-infringement arguments for all of the Notice Letter patents, including arguments related to the scope of allowable equivalents. Lupin's Supplemental Responses to Interrogatory No. 3 incorporated by reference Lupin's Notice Letters and Invalidity Contentions (which identified prior art included in the ensnarement arguments in Dr. Donovan's Rebuttal Report.) For this reason, Vertex cannot be surprised by these arguments in Dr. Donovan's Rebuttal Report. *See Mallinckrodt*, 2025 WL 2410306, at *20 (court denied motion to strike defendants' non-infringement theories where there was no prejudice because the theories of non-infringement were either previously disclosed in defendant's non-infringement contentions or were at least implied by earlier disclosures).

The non-infringement arguments that Vertex seeks to strike were responsive to arguments made in the Opening Expert Report of Cory J. Berkland, Ph.D. on infringement, which Vertex served on June 5, 2025. Vertex should not have been surprised that Lupin's expert would respond to the arguments its own experts advanced in the opening round of expert reports. This district and others have permitted expert opinions that are responsive to other experts. *See Masimo Corp. v Philips Elec. N. Am. Corp.*, No. CV 09-80-LPS-MPT, 2016 WL 4394359, at *1, 2 (D. Del. Aug. 15, 2016) (court denied defendant's motion to strike the reply expert report of Dr. Quill where the opinions were directly responsive to defendant's clinician expert and denied plaintiff's motion to strike portions of the reply expert report of Dr. Dyro where it was responsive to plaintiff's expert and the *Pennypack* factors otherwise did not support striking it). *See also Smith v. Sandals Resorts Int'l, Ltd.*, No. 2:07-CV-3695-LDD, 2009 WL 10685314, at *1-2 (E.D. Pa. June 18, 2009) (court denied defendant's motion to strike plaintiff's expert and rebuttal expert report where it contradicted alternative theories defendant's expert advanced and the *Pennypack* factors did not otherwise support striking it); *United States Fid. and Guar. Co. v. Brown*, No. 1:01-CV-0813, 2003 WL 25695254, at *2 (M.D. Pa. Mar. 7, 2003) (court denied defendant's motion to strike Farnsworth Expert Report and declaration where it rebutted the opinions of defendant's expert). Courts have denied motions to strike under far more significant circumstances than those faced here. *Dal-Far Realty, LLC v. Peerless Indem. Ins.*, No. CV146903ESJAP, 2017 WL 11476223, at *3-6 (D.N.J. June 12, 2017) (court denied defendant's motion to strike an additional expert report based on the *Pennypack* factor analysis where the additional report was filed 7 months after the court ordered deadline and 2-3 weeks after the completion of all expert depositions).

The cases Vertex cites are distinguishable from this case. *Finjan v. Rapid7* and *ViaTech v. Microsoft* involve striking expert reports regarding undisclosed *infringement* theories where plaintiff has the burden. *Finjan, Inc. v. Rapid7, Inc.*, C.A. No. 18-1519-MN, 2020 WL 5798545, at *1-5 (D. Del. Sept. 29, 2020); *ViaTech Techs., Inc. v. Microsoft Corp.*, No. 17-570-RGA, 2021 WL 663057, at *1, 5 (D. Del. Feb. 19, 2021. In *Woods v. DeAngelo*, the defendant provided no substantive response at all to a contention interrogatory regarding invalidity. *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1276–79 (Fed. Cir. 2012). *Integra v. Hyperbranch* involved exclusion of certain expert opinions on damages where they actually conflicted with the prior disclosures that plaintiff repeatedly relied on. *Integra Lifesciences Corp. v. Hyperbranch Med.*

Page | 2

*Tech., Inc*., C.A. No. 15-819-LPS-CJB, 2017 WL 11558096, at *7 (D. Del. Dec. 11, 2017). The *Integra* court cautioned that "[t]he exclusion of critical evidence is an extreme sanction [and] such a remedy should not be imposed where an untimely or improper disclosure amounts to only a slight deviation from pre-trial notice requirements or occasions only slight prejudice to the movant." *Id.* at *4 (internal cites and quotes omitted).

**Pennypack Factor 2: Vertex has Already Had an Opportunity to Cure**

Vertex's letter brief fails to acknowledge that it has already responded to Dr. Donovan's rebuttal expert opinions in its reply expert reports. *See, e.g*., Ex. G. Reply Expert Report of Dr. Berkland at ¶¶ 35-40, 48-52, 60-63, 70-73, 80-83, 97-102, 110-114, 122-125, 133-136, 143-146, 168-171, 174, 191-194, 197, 208-210, 220-222, 237-240, 250-252, 254, 259-261, 279-282, 292-294, 296, 301-303, and 321-323 (addressing Dr. Donovan's opinions that Vertex now seeks to strike). Vertex will also have the opportunity to depose Dr. Donovan, another fact Vertex fails to acknowledge in its letter brief. District Courts—including this one—have consistently held that the ability to respond to expert opinions and depose an expert is sufficient to cure any alleged prejudice. *See Otsuka Pharm. Co. v. Aurobindo Pharma Ltd*., No. 14-3306 (JBS/KMW), 2017 WL 11463663, at *6 (D.N.J. Sept. 15, 2017) (any prejudice to defendant in having to address new expert opinions was "easily cured" by requiring the plaintiff to produce the expert for deposition); *see also Cochran v. Jackson*, No. 14-2165, 2015 WL 3555291, at *4 (E.D. Pa. June 8, 2015) ("any prejudice to Plaintiff can effectively be cured by allowing her an opportunity to depose [Defendant's expert] prior to trial."); *ART+COM*, 155 F. Supp. 3d at 511 (court denied motion to exclude non-infringing alternative opinions where plaintiff's experts "were afforded an ample opportunity to respond, and did respond, in their reports" and expert "was deposed about his opinions on this non-infringing alterative"); *Evolved Wireless, LLC v. Apple Inc*., No. CV 15-542-JFB-SRF, 2019 WL 8128549, at *1 (D. Del. Feb. 14, 2019)(court determined that the supplemental expert report was not untimely but that even if it were, under the *Pennypack* analysis, it should not be striken because any prejudice could be cured by deposing the expert again). Further, Vertex acknowledges in its letter that Lupin agreed to allow Vertex to serve a sur-reply report with respect to another expert. *See* D.I. 179 at 2. Vertex has already received the same cure here that it found satisfactory in that situation because it has already responded to Dr. Donovan's rebuttal expert opinions in its reply expert reports.

This is an ANDA case and Vertex has been in possession of Lupin's ANDA since at least 2022. Vertex has had a full opportunity to take discovery concerning the components of Lupin's formulation. Vertex's letter brief does not identify any facts or discovery it believes it would need to address these non-infringement arguments. *See Mallinckrodt*, 2025 WL 2410306, at *21 (denied motion to strike defendant's non-infringement theories despite plaintiff's arguments that it could not cure prejudice without re-opening discovery and disrupting trial where plaintiff failed "to point out what it would seek should discovery be re-opened.")

**Pennypack Factor 3: Vertex Cannot Show Any Disruption or Impact on Trial**

Vertex offers no legitimate argument that trial would be affected. Vertex acknowledges that the deadline for expert deposition is January 22, 2026, almost 8 weeks away, and that trial is scheduled to start on May 11, 2026, over 5 months away. *See ART+COM*, 155 F. Supp. 3d at 511

Page | 3

(denied motion to exclude expert's non-infringing alternative opinions where they were disclosed months before trial.[1]).

**Pennypack Factor 4: Vertex Cannot Show Any Bad Faith or Willfulness**

Vertex cannot show any bad faith or willfulness on Lupin's part. In connection with one of Vertex's previously filed motions (D.I. 144), Judge Andrews found Lupin's existing discovery disclosures sufficient and Vertex's demands disproportionate. *See* DI 156, Transcript of May 20, 2025 Discovery Conference at 19 (Judge Andrews denied Vertex's motion to compel interrogatory responses, stating that Lupin's responses were "pretty complete," the "questions as actually asked are hugely broad," and Vertex's requests were "uncalled for.")

Vertex's allegation that Lupin failed to supplement interrogatories (*see* D.I. 179 a 1) is inaccurate. Lupin provided lengthy and detailed responses to interrogatories, including supplements to many of its interrogatories. Lupin's Fourth Supplemental Objections and Responses to Interrogatory No. 3 (regarding Lupin's non-infringement arguments) was 38 pages in length. (*See* Ex. C.) Lupin's Objections and responses to Interrogatory Nos. 10-17 (also regarding Lupin's non-infringement arguments) was 40 pages in length (*See* Ex. E.)[2]

In addition, Lupin's Notice Letters (which were incorporated by reference into Lupin's response to Interrogatory No. 3) provided a comprehensive analysis of Lupin's noninfringement of the patents, including claim vitiation arguments for each patent mentioned in the Notice Letters, and the identification of prior art included in the ensnarement arguments.

**Pennypack Factor 5: Vertex Cannot Show that the Evidence is Not Important**

While the non-infringement opinions that Vertex seeks to exclude represent only a subset of Lupin's non-infringement arguments, the assistance to the Court that Dr. Donovan can provide will help the Court in determining whether Vertex's doctrine of equivalents theories are legally viable. The Court will ultimately need to determine the scope of allowable equivalents. Striking Dr. Donovan's opinions but allowing the opening and reply opinions of Vertex's experts to be introduced at trial would prejudice Lupin and deprive the Court of a balanced perspective. In addition, even though Lupin has other non-infringement arguments, Lupin should be allowed to present all of its arguments where Vertex has suffered no prejudice and has fully cured any prejudice even if there were any. *See Mallinckrodt*, 2025 WL 2410306, at *21 (court denied motion to strike defendant's non-infringement theories even though defendant had other non-infringement theories it could rely on).

---

[1] *See also ART+COM Innovationpool GmbH v. Google Inc.*, C.A. No. 14-cv-217-RGA, D.I. 390.
[2] Lupin has served other supplemental interrogatory responses: First Supplemental Objections and Responses to Vertex's First Set of Interrogatories (Nos. 1-6) on January 14, 2025; Second Supplemental Objections and Responses to Vertex's First Set of Interrogatories (Nos. 1-6) on February 28, 2025; Third Supplemental Objections and Responses to Vertex's First Set of Interrogatories (No. 1) on April 4, 2025; First Supplemental Objections and Responses to Vertex's Second Set of Interrogatories (No. 21) on February 28, 2025; Second Supplemental Objections and Responses to Vertex's Second Set of Interrogatories (No. 20) on May 16, 2025; Second Supplemental Objections and Responses to Vertex's Second Set of Interrogatories (No. 21) on May 30, 2025; and First Supplemental Objections and Responses to Vertex's Third Set of Interrogatories (No. 22) on April 4, 2025.

For the reasons stated above, Lupin respectfully requests that the Court deny Vertex's motion to strike.

Respectfully Submitted,

By:  /s/ Francis J. Murphy
MURPHY & LANDON
Francis J. Murphy (#223)
1011 Centre Road, Suite 210
Wilmington, Delaware 19806
(302) 472-8100
(302) 472-8135 (fax)
fmurphy@msllaw.com
*Of Counsel*

Keith D. Parr
James T. Peterka
Nina Vachhani
Amy M. Lange
Jacob C. Britz
BUCHANAN INGERSOLL & ROONEY PC
150 North Riverside Plaza
Chicago, IL 60606
(312) 261-8777

*Counsel for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

DATED: December 3, 2025

Page | 5

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I caused copies of the foregoing to be served on upon the following in the manner indicated.

| | |
|---|---|
| Jack B. Blumenfeld<br>Derek J. Fahnestock<br>Megan E. Dellinger<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>*Attorneys for Plaintiff Vertex Pharmaceuticals Incorporated* | *VIA ELECTRONIC MAIL* |
| Dimitrios T. Drivas<br>Alison Hanstead<br>Joel L. Broussard<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br><br>C. Sebastian Zonte<br>WHITE & CASE LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071-2433<br><br>*Attorneys for Plaintiff Vertex Pharmaceuticals Incorporated* | *VIA ELECTRONIC MAIL* |

/s/    *Francis J. Murphy*
Francis J. Murphy (#223)

Page | 6