# EXHIBIT F



111 South Wacker Drive
Suite 4100
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

Amy M. Lange
Direct Telephone: 312-443-1816
Direct Fax: 312-896-6013
amy.lange@lockelord.com

July 17, 2024

**VIA ELECTRONIC MAIL**

Alison Hanstead
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020

Re:   *Vertex Pharmaceuticals Inc. v. Lupin Limited, et al.,*
       No. 1:22-cv-00966-RGA (D. Del.) (Consolidated)

Dear Alison:

We write regarding deficiencies in Vertex Pharmaceutical Incorporated's ("Vertex") Initial Disclosures under Paragraph 4(c) of the District of Delaware Default Standard for Discovery with respect to U.S. Patent Nos. 8,883,206, 10,272,046, 10,646,481, and 11,147,770 served on January 24, 2023, with respect to U.S. Patent No. 11,564,916 served on August 11, 2023, and with respect to U.S. Patent No. 11,752,106 served on June 28, 2024 (collectively, "Infringement Contentions").

The purpose of infringement contentions is to provide adequate notice to defendants of plaintiff's infringement theories. *Intell. Ventures I LLC v. AT&T Mobility LLC*, No. CV 13-1668-LPS, 2017 WL 658469, at *2 (D. Del. Feb. 14, 2017). In order to show infringement under the doctrine of equivalents, "[a] patentee must establish equivalency on a limitation-by-limitation basis by ... linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process.'" *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016). Where infringement contentions attempting to assert infringement under doctrine of equivalents fail to explain "how the accused products perform the same function in substantially the same way to achieve substantially the same result" they are deficient. *Intell. Ventures I LLC, v. AT&T Mobility LLC*, No. CV 13-1668-LPS, 2017 WL 658469, at *3-4 (D. Del. Feb. 14, 2017).

Vertex's Infringement Contentions fail to meet the disclosure requirements. They fail to identify how specifically Vertex alleges that Lupin's ANDA product infringes under the doctrine of equivalents. Rather, they merely state that the amounts in Lupin's ANDA product are "not substantially different from the claimed amount" and that "the Lupin Product performs substantially the same function, in substantially the same way, and to yield substantially the same result" without more. Such conclusory statements fail to provide the required notice to Lupin of its theory of infringement under the doctrine of equivalents.

Vertex filed its initial complaint almost two years ago and Vertex has had access to Lupin's ANDA since December 16, 2022 — for over a year and a half. Vertex has the information needed to supplement its infringement contentions. Vertex's failure to disclose its theory of infringement under the doctrine of

July 17, 2024
Page 2

equivalents to Lupin has and will continue to prejudice Lupin as discovery proceeds. This is especially the case as fact discovery is currently scheduled to conclude on November 22, 2024. Lupin will be severely prejudiced in taking depositions of Vertex's fact witnesses without being provided adequate notice explaining how Vertex alleges that Lupin's ANDA product infringes under the doctrine of equivalents.

To minimize any further prejudice to Lupin, please confirm that Vertex will supplement its Infringement Contentions by no later than July 30, 2024, to explain in the required level of detail how Vertex contends that Lupin's ANDA product meets the limitations of the asserted claims under the doctrine of equivalents.

Regards,
Amy

*/s/ Amy M. Lange*

cc: All counsel of record