# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Derek J. Fahnestock
(302) 351-9347
dfahnestock@morrisnichols.com

March 4, 2026

The Honorable Stephanos Bibas          *VIA ELECTRONIC FILING*
U.S. Court of Appeals, 3rd Circuit
18614 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

    Re:    *Vertex Pharmaceuticals Incorporated v. Lupin Limited, et al.*
               C.A. No. 22-966 (SB)

Dear Judge Bibas:

    Plaintiff Vertex Pharmaceuticals Incorporated ("Vertex") respectfully moves this Court to compel Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") to produce their only noninfringement expert, Dr. Maureen D. Donovan, for deposition before the close of expert discovery on March 13, 2026.

    This dispute arises from Lupin's abrupt and unjustified cancellation of Dr. Donovan's February 11 deposition on February 5.  *See* D.I. 209.  After almost three weeks of repeated requests for an explanation of the cancellation and a new deposition date, Lupin advised Vertex on February 24 that Dr. Donovan is unavailable for deposition before ***April 1***.  This late date is untenable under the operative schedule here.  The schedule was compressed to allow the parties to litigate a new patent recently listed in the Orange Book.  Vertex is due to provide Lupin with a draft of the pretrial order on March 20, one week after the close of expert discovery.  The parties are also set to exchange *Daubert* briefing beginning March 20.  The pretrial order is due April 21, and trial is scheduled to begin May 11.

    Lupin represented that it could try the case on May 11 and agreed to the current, compressed case schedule while knowing, but failing to disclose to Vertex, that its key noninfringement expert would need to "black out" most of February and all of March due to a purportedly long-planned seven-week cruise vacation, including the entirety of the parties' agreed-to expert deposition window.  Lupin also failed to hold the February 11 deposition date that it repeatedly proposed while it knew that Dr. Donovan would not be available again until April.  Lupin's conduct is manifestly prejudicial to Vertex.  With pre-trial exchanges mere weeks away, Vertex is presently attempting to narrow the number of claims it will assert and expert testimony

The Honorable Stephanos Bibas
March 4, 2026
Page 2

that it will present at trial. Vertex represented to the Court that it would do so as part of its March 20 pretrial disclosures. D.I. 186. Vertex is now being forced to proceed through these and other critical pretrial exercises without the benefit of having deposed Lupin's key expert. Vertex should not continue to be prejudiced by Lupin's failure to timely produce its only noninfringement expert for deposition.[1]

There is no question that Vertex proceeded diligently to obtain this deposition. Vertex noticed the depositions of Lupin's expert witnesses, including Dr. Donovan, in August 2025, days after the exchange of reply expert reports. D.I. 172. After four months of silence, Vertex renewed its request for Dr. Donovan's availability for deposition on December 18 and again on December 22, 2025. Instead of providing a date for Dr. Donovan's deposition before the then-close of expert discovery on January 22, Lupin reached out to Vertex in early January seeking an extension of the expert discovery period to late February. Vertex subsequently agreed to this request while the parties worked on a revised schedule that would also accommodate the newly-issued '635 patent that the parties agreed should be consolidated into the pending action. On January 12, while the parties were discussing the case schedule, Lupin offered February 10 or 11 for Dr. Donovan's deposition.

The parties subsequently agreed to a new case schedule including supplemental expert reports to be exchanged on February 13 and 20 for the newly-added patent, and the close of expert discovery on March 13. Vertex agreed to the new case schedule with the understanding that Lupin was prepared to meet the deadlines to which it had agreed and was presenting to the Court. Unlike Vertex, Lupin agreed to this new case schedule on January 23 knowing that Dr. Donovan was not available during this new expert deposition window. Vertex has provided dates within the window for its own experts.

After the parties filed the proposed order memorializing their agreement, Vertex requested a date for Dr. Donovan within the new expert deposition window (*i.e.*, between February 20 and March 13). Lupin then advised Vertex for the first time that Dr. Donovan was unavailable for deposition after February 11 until "early April." Lupin left Vertex no choice but to agree to proceed with her deposition on February 11 (before the exchange of supplemental expert reports on the new patent).

But that deposition never occurred because Lupin cancelled it, despite Vertex confirming the deposition two days earlier. In its February 5 cancellation email, Lupin cited Dr. Donovan's vague "unforeseen commitments." After Vertex asked for clarification twice, Lupin finally responded six days after its cancellation email that these "unforeseen" professional commitments included that Dr. Donovan was at trial the week prior and her involvement in that trial went longer than anticipated. Lupin further explained that Dr. Donovan was travelling internationally for a month and a half starting the next day, February 12, and would be unavailable for a deposition

---

[1] Vertex is not available to depose Dr. Donovan on April 1. The earliest date in April on which Vertex is available to depose Dr. Donovan is April 8.

The Honorable Stephanos Bibas
March 4, 2026
Page 3

during this time. When asked for the Civil Action number for Dr. Donovan's trial, Lupin refused to provide it and has yet to provide it to this day. However, it is clear from the parties' correspondence and February 24 meet and confer that Dr. Donovan was neither at trial nor traveling on the agreed-upon deposition date of February 11. Based on Vertex's investigation, Dr. Donovan's trial commitments appear to have been in connection with a trial that started February 2 and ended February 6, the week before her scheduled deposition in this case. *See Janssen Pharms., Inc. v. Alkem Lab'ys Ltd.*, No. 23-cv-2939-KMW (D.N.J.), D.I. 294. Dr. Donovan and Lupin were, or should have been, aware of this trial schedule as it was entered in early January ***before*** Lupin offered the February dates for Dr. Donovan's deposition.

Notwithstanding Dr. Donovan's unavailability for deposition, Lupin submitted a supplemental expert report from Dr. Donovan on the new patent on February 20, after she purportedly set sail. Dr. Donovan's report responded to Vertex's supplemental infringement reports which were served on February 13. It was only during the parties' meet and confer on February 24 that Lupin revealed that Dr. Donovan is on a cruise for the duration of her travels. Lupin advised Vertex after that meet and confer that Dr. Donovan will not be available for deposition until at least April 1. During a meet and confer on February 25, Lupin proposed an extension to the case schedule, including trial, to correct for Dr. Donovan's deposition unavailability. The schedule Lupin subsequently proposed on March 3, however, not only failed to propose a new trial date as Lupin proposed just days earlier, but it also failed to adjust ***any*** of the pre-trial exchange deadlines other than the deadline for a *Daubert* motion concerning Dr. Donovan. Lupin's proposed schedule comes nowhere close to remedying the significant prejudice to Vertex caused by Lupin's cancellation of Dr. Donovan's deposition and failure to disclose Dr. Donovan's unavailability for deposition during the expert discovery period and weeks beyond.

Lupin also inexplicably conveyed to Vertex on March 3 that Lupin is unavailable to depose Vertex's last-remaining expert witness on March 12. That deposition was initially scheduled for February 26, but it was postponed because Vertex's expert experienced a medical issue. Unlike Lupin's expert, Dr. Donovan—who has never been offered for deposition during the expert discovery period—Vertex's expert was twice offered for deposition during the expert discovery period. Lupin waited a full week before rejecting the second date and requesting an alternate. Vertex will be proposing another date for this deposition that will be before the current *Daubert* motion deadline. Any attempt by Lupin to argue that neither side is prejudiced because both parties are now seeking expert depositions after the close of the expert discovery period would ignore the significantly different circumstances giving rise to each expert's unavailability.

In view of the fast approaching trial, Vertex seeks the Court's assistance in ensuring that Dr. Donovan's deposition takes place on a date that will not prejudice Vertex's trial preparations. Absent compliance with the case schedule, Lupin should not be permitted to offer expert testimony from her at trial after impeding Vertex's attempts at obtain fair disclosure under the Federal Rules of Civil Procedure.

The Honorable Stephanos Bibas
March 4, 2026
Page 4

                                            Respectfully,

                                            */s/ Derek J. Fahnestock*

                                            Derek J. Fahnestock (#4705)

DJF/rah
Attachment
cc:    All Counsel of Record (via electronic mail; w/attachment)

**RULE 7.1.1 CERTIFICATION**

I hereby certify that the subject of the foregoing motion has been discussed by telephone with counsel for Defendants and that the discussion involved Delaware counsel for all parties. Despite the parties' efforts to resolve this dispute, the parties were unable to reach agreement.

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)